UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

YOGI LERNER KYNARD,

    Plaintiff,

        v.

KYLE ROBBINS,

    Defendant.

Civil Action No. 24-30092-MGM

MEMORANDUM AND ORDER
(Dkt. Nos. 6, 9, 10, 14, 15, 20 & 24)
May 22, 2025

MASTROIANNI, U.S.D.J.

    Yogi Lerner Kynard ("Plaintiff"), acting *pro se*, brings this action against Chicopee Police Officer Kyle J. Robbins ("Robbins" or "Defendant") pursuant to 42 U.S.C. § 1983. Plaintiff contends Robbins impermissibly interfered with his right to travel by conducting a traffic stop and threatening to use force to remove Plaintiff from his vehicle. (Compl., Dkt. No. 1, 4.) Plaintiff also seeks to amend his complaint to add claims against (1) Officer Kenneth Griffin, Sergeant Christopher Lareau, and three "John Doe" officers all employed by the Chicopee Police Department; (2) Bail Commissioner Dasseli David Asselin; (3) Chicopee Mayor John L. Vieau; and (4) the City of Chicopee related to the traffic stop and allegations that law enforcement acted to retaliate against him because he had participated in earlier litigation in this court. (Prop. Am. Compl., Dkt. No. 14-1.)

    Defendant filed a motion to dismiss Plaintiff's Complaint. (Dkt. No. 6.) Plaintiff first opposed the motion and later filed a motion for leave to file an amended complaint. (Dkt. No. 14.) While the motion to dismiss has been pending, Plaintiff has also filed a Motion for Discovery (Dkt. No. 9); Motion for Protective Order (Dkt. No. 15); and a "Motion to Require Defendants to Show

1

Lawful Authority and Jurisdiction, and Motion to Expedite Ruling on Plaintiff's Motion for Protective Order (Dkt. No. 24). For the reasons that follow, the court will grant Defendant's Motion to Dismiss, deny Plaintiff's Motion to Amend, and find Plaintiff's remaining motions moot.

## II.   SPECIAL CONSIDERATIONS APPLICABLE TO COMPLAINTS FILED BY PRO SE PLAINTIFFS

"Our judicial system zealously guards the attempts of pro se litigants on their own behalf." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Recognizing the difficulties pro se plaintiffs face, the courts construe pro se complaints liberally. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed*, 118 F.3d at 890. Like other plaintiffs, "even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Adams v. Stephenson*, 116 F.3d 464 (1st Cir. 1997) (unpublished table decision) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). Holding all plaintiffs, including pro se plaintiffs, to this standard is necessary to ensure every defendant is "afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (internal quotations omitted).

## III.   MOTION TO DISMISS

To survive a 12(b)(6) motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations in the complaint must "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts are not required to accept as true legal conclusions presented as factual allegations. *Id.* Additionally, the First Circuit instructs that "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Peñalbert-Rosa v. Fortuño-Burest*, 631 F.3d 592, 595 (1st Cir. 2012) (quoting *Twombly*, 550 U.S. at 557 n. 5). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. *See San Gerónimo Caribe Project, Inc. v. Acevedo-Vilá*, 687 F.3d 465, 471 (1st Cir. 2012). "Determining whether a complaint states a plausible claim for relief" is a context-specific task that requires "the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Plaintiff's brief, initial Complaint alleges that around 7:18 p.m. on May 13, 2024:

> [Plaintiff] was traveling in [his] private automobile, with [his] DOT # displayed, [Plaintiff] was pulled over by Officer Kyle J. Robbins Badge # 405, he went on to say I know you are driving with a suspended license and threatened [Plaintiff] that he would break [Plaintiff's] window and drag [Plaintiff] out of [his] automobile if [Plaintiff] did not exit [his] automobile under [his] own power. [Defendant] was assisted with fellow officers Delarosa and Duval.

(Compl. Dkt. 1, 4.) Plaintiff also alleges his vehicle was impounded and, several months later, he was told that "if [his] automobile is not registered and insured the tow company would take ownership" of the vehicle.

3

Plaintiff brings his civil claims pursuant to 42 U.S.C. § 1983.[1] "To recover under § 1983, a plaintiff must prove that a deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States was carried out by persons acting under color of state law." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008) (quoting 42 U.S.C. § 1983). Personal capacity claims "must be premised on . . . [a defendant's] own acts or omissions" because, under 42 U.S.C. § 1983, supervisors are not automatically liable for actions of their subordinates. *Justiniano v. Walker*, 986 F.3d 11, 20 (1st Cir. 2021) (internal quotations omitted).

Injuries caused by those whose "acts may fairly be said to represent official policy" are properly considered the responsibility of the government entity, not the individual. *Rosaura Bldg. Corp. v. Municipality of Mayaguez*, 778 F.3d 55, 62 (1st Cir. 2015). Unlike personal capacity claims, official capacity claims are treated as claims against the individual's government employer. *Id.* Under § 1983, municipal defendants, like the City of Chicopee are not vicariously liable for injuries caused by their employees. Instead, a plaintiff must show that "an official policy or an official custom" caused the plaintiff's injury. *Walden v. City of Providence, R.I.*, 596 F.3d 38, 55 (1st Cir. 2010).

Plaintiff's claims against Defendant are premised on his assertion that Defendant had no lawful basis to stop Plaintiff's vehicle, require Plaintiff to exit the vehicle, and have Plaintiff's vehicle towed. The court must credit the statements. Plaintiff does not allege he possessed a valid driver's license or that he complied with Defendant's reasonable instructions during the stop, despite the obvious relevance of such facts. In the absence of additional context, the court gives the statements their commonsense meaning: (1) Plaintiff's license was suspended, (2) Defendant was aware Plaintiff's license was suspended, (3) Defendant directed Plaintiff to exit his vehicle, and (4) Plaintiff

---

[1] To the extent Plaintiff sought to bring claims directly under criminal statutes, 18 U.S.C. §§ 241, 242, those claims are dismissed because those statutes do not provide a private right of action. *See Cok v. Consentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[O]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242).

4

refused to do so. Similarly, Plaintiff alleged he was told he would not be able to reclaim his vehicle without registering and insuring it, but he has not claimed the vehicle was registered and insured, or alleged any other fact that would make such an inference plausible.

For approximately 100 years, the Supreme Court has recognized that states may require those operating motor vehicles on public ways to obtain licenses and to register their vehicles. *Kane v. New Jersey*, 242 U.S. 160, 167 (1916) ("The power of a state to regulate the use of motor vehicles on its highways has been recently considered by this court and broadly sustained."). Massachusetts makes it a criminal offense to operate an unregistered or uninsured vehicle or for a person with a suspended or revoked license to operate a vehicle on a public road. Mass. Gen. Laws c. 90 §§ 9, 23, 34J. Defendant thus had reasonable suspicion to stop Plaintiff's vehicle if he was aware Plaintiff's vehicle was unregistered and uninsured. *See Delaware v. Prouse*, 440 U.S. 648, 663 (1979) (holding that law enforcement may stop a vehicle where "there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered.") Defendant also had probable cause to arrest Plaintiff for operating without registration and insurance, and upon learning Plaintiff had a suspended license, Defendant had a further reason to arrest Plaintiff and impound his vehicle following the stop. Since the facts alleged in Plaintiff's Complaint do not support a reasonable inference that Defendant lacked reasonable suspicion to stop Plaintiff's vehicle, or probable cause to arrest him, the court will dismiss Plaintiff's Complaint as initially filed.

### IV.   MOTION TO AMEND

Rule 15(a)(2) of the Federal Rules of Civil Procedure requires Plaintiff to obtain leave prior to filing his amended complaint because he did not seek to amend his complaint until more than twenty-one days had elapsed after service of the complaint. This court is, in turn, required to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Though "[t]he rule reflects a liberal

5

amendment policy," the First Circuit will defer to a decision by a district court to deny a motion for leave to amend provided an "'adequate reason for the denial is apparent on the record.'" *ACA Financial Guaranty Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008) (quoting *LaRocca v. Borden, Inc.*, 276 F.3d 22, 32 n. 9 (1st Cir. 2002)). "Grounds for denial include 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'" *Id.* at 56 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (alteration in original)).

Plaintiff's proposed amendment is futile because it does not include factual allegations necessary to permit the court to infer that Defendant lacked reasonable suspicion to stop Plaintiff's vehicle or to arrest and impound the vehicle following the stop. Like the original complaint, the proposed amended complaint includes few factual allegations. Plaintiff asserts "officers used lights and sirens" when stopping his vehicle, "issued aggressive threats," and demanded he exit his vehicle. (Prop. Am. Compl., Dkt. No. 14-1, 2.) He alleges officers arrested him and charged him with a list of crimes, including operating on a suspended license in violation of Mass. Gen. Laws c. 90, § 23; operating an unregistered vehicle in violation of Mass. Gen. Laws c. 90, § 9; and operating without insurance in violation of Mass. Gen. Laws c. 90, § 34J. Plaintiff also alleges his vehicle was searched without a warrant and towed. (*Id.* at 3.) Finally, in a wholly conclusory fashion, Plaintiff contends his arrest and prosecution were retaliation for an earlier lawsuit Plaintiff brought in federal court.

Like Plaintiff's original complaint, the proposed amended complaint is devoid of the facts needed to state a claim under 42 U.S.C. § 1983. Plaintiff has not alleged his car was registered or insured or that he possessed a valid driver's license. In the absence of such claims, he cannot state a claim for First Amendment retaliation due to his arrest. Retaliatory arrest suits may only proceed when a plaintiff alleged sufficient facts to establish that law enforcement lacked probable cause for arresting the plaintiff. *Nieves v. Bartlett*, 587 U.S. 391, 404 (2019) (explaining that a retaliatory arrest

6

claim generally fails unless the plaintiff can show an absence of probable cause for the arrest). Similarly, Plaintiff has failed to allege Defendant used any force against Plaintiff, foreclosing a § 1983 claim based on the use of excessive force. Finally, although Plaintiff seeks to add claims against additional defendants, his proposed amended complaint fails to identify any specific actions taken by any of the individuals that could support a basis for liability for the individuals or City of Chicopee. *See Justiniano*, 986 F.3d at 20; *Rosaura Bldg. Corp.*, 778 F.3d at 62; *Walden*, 596 F.3d at 55.

## V. CONCLUSION

For the foregoing reasons, the court hereby ALLOWS Defendant's Motion to Dismiss (Dkt. No. 6) and DENIES Plaintiff's Motion to Amend (Dkt. No. 14). The remaining pending motions (Dkt. Nos. 9, 10, 15, 20 and 24) shall be terminated as moot. This case may now be closed.

It is So Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge